[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on June 28, 1985 at Kingsland, Georgia.
All jurisdictional requirements have been met.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The court has considered all the criteria contained in Conn. Gen. Stats. Secs. 46b-81 and 46b-82 and enters the following orders:
1. All right, title and interest in the properties located CT Page 4067 at 299 Columbus Avenue, 51 Fillmore Street, 266 Grand Avenue, 61 Liberty Street, 139 Lloyd Street, 159 Lombard Street, 100-102 Rosette Street, 630-632 Washington Avenue (all in New Haven), 25 Cottage Street, West Haven, and the Columbian condominium is awarded to the defendant. She shall take this property subject to all existing liens and encumbrances thereon and shall be responsible for all costs associated with the ownership, past due and future, of said property. The defendant shall indemnify and hold the plaintiff harmless on the mortgages on said properties and obligations.
2. The $2400.00 MCM account shall be immediately transferred to the defendant.
3. The escrow account is awarded to the defendant.
4. The accounts on deposit at Connecticut Savings Bank and People's Bank are awarded to the defendant.
5. Except as otherwise ordered herein, the MCM accounts are awarded to the plaintiff.
6. The R B remodelling account is awarded to the plaintiff.
7. The defendant shall be responsible for the fees due Attorney Robaina, and the capital gains due on the Spring Street property.
8. The plaintiff shall indemnify and hold harmless the defendant as to any tax liabilities or penalities due on corporate or personal tax returns for years 1985-1988.
9. The defendant shall be the owner of any insurance proceeds stemming from the Columbus Avenue fire.
10. The plaintiff shall indemnify and hold harmless the defendant from any obligation or indebtedness incurred in relation to his bail bond.
11. Each party shall retain their automobiles.
12. All office and business equipment and furniture owned by Poe Beauty Corp. of Florida on Sean David Trading of Florida are awarded to the plaintiff. The balance of office and business property is awarded to the defendant.
13. All personal records and documents of the defendant and all records and documents relating to the ownership, repair or renovation of the properties shall be the property of the CT Page 4068 defendant. The plaintiff shall deliver these records to the defendant forthwith. In addition the plaintiff shall provide the defendant with all bank account records for Sean David Trading Corp., Yin-Yang Investment, Poe Beauty Co., Inc., and Chona-Guillen-Poe-Realty forthwith.
14. The 1976 van is awarded to the plaintiff.
15. The plaintiff shall retrieve personal property awarded to him within 30 days or the defendant may dispose of the same.
16. The defendant is awarded the Storer Cable reception box, the blender, the can opener, shovels, rakes, garden hose, coat rack, washing machine and air conditioning unit. The plaintiff shall deliver these items within 10 days in good working condition.
BY THE COURT ELAINE GORDON, JUDGE